# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JAVIER GUTIERREZ AND** | § | |
| **NALLELY PEREZ,** | § | |
| *Plaintiffs,* | § | |
| | § | **CASE NO. _____** |
| **v.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |
| *Defendant.* | § | |

**INDEX OF MATTERS BEING FILED**
**AND LIST OF ALL COUNSEL OF RECORD**

Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.   Index of Matters Being Filed and List of All Counsel of Record;

2.   Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A.   Plaintiffs' Original Petition, filed May 17, 2019 (attached as Exhibit 1-A);

   B.   Service to Defendant on May 23, 2019 (attached as Exhibit 1-B);

   C.   Defendant's Original Answer, filed June 14, 2019 (attached as Exhibit 1-C);

3.   A copy of the state court docket sheet (attached as Exhibit 1-D).

The parties' respective attorneys are as follows:

A.   ATTORNEYS FOR PLAINTIFF:

Omar Ochoa
State Bar No. 24079813
OMAR OCHOA LAW FIRM
121 N. 10th St.
McAllen, Texas 78501
(956) 630-3266 – Phone
oochoa@omarochoalaw.com

B.   ATTORNEYS FOR DEFENDANT:

Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
RAMÓN | WORTHINGTON, PLLC
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
ecantu@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
RAMÓN | WORTHINGTON, PLLC
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
efile@ramonwothington.com

Dated: June 21st, 2019.

# EXHIBIT 1-A

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

CAUSE NUMBER _____

| | | |
|---|---|---|
| JAVIER GUTIERREZ AND NALLELY PEREZ | § | IN THE COUNTY COURT |
| Plaintiffs, | § | |
| | § | |
| vs. | § | AT LAW NO. _____ |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

---

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, JAVIER GUTIERREZ AND NALLELY PEREZ (hereinafter referred to as ("PLAINTIFFS"), and file their Original Petition against DEFENDANT, STATE FARM LLOYDS, and would respectfully show the Court the following:

#### I.      Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFFS seek damages of monetary relief of $100,000 or less. Specifically, PLAINTIFFS seek damages of monetary relief of no more than $75,000.00. PLANTIFFS intend to conduct discovery pursuant to a Level 2 Discovery Control Plan.

#### II.      Service of Process

STATE FARM LLOYDS may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at: Corporation Service Company, 211 E. 7th St. Ste. 620, Austin, Texas 78701.

1

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

STATE FARM LLOYDS is in the business of providing insurance in the State of Texas. The insurance business done by STATE FARM LLOYDS in Texas includes, but is not limited to the following:

1.  The making and issuing of contracts of insurance with the PLAINTIFFS;

2.  The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3.  The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5.  The adjusting and inspection of PLAINTIFFS' insurance claims;

6.  Making insurance coverage decisions;

7.  Taking part in making insurance coverage decisions; and

8.  Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

### III.     Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFFS' losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in HIDALGO County, Texas.

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

IV.     Facts

STATE FARM LLOYDS and/or its agents committed the actions alleged against PLAINTIFFS in this petition. PLAINTIFFS own the property located at 22020 Sharp Rd., Edinburg, Texas 78542 with Policy # 83-BA-F913-6; Claim# 53-7313-T65. STATE FARM LLOYDS provided coverage to the PLAINTIFFS for such building, personal property, and other matter. During the term of said policy, PLAINTIFFS sustained covered losses in the form of a storm event on or about June 20, 2018 in HIDALGO County, and water damages resulting therefrom, including damage to the architectural finishes of the property. PLAINTIFFS promptly reported losses to STATE FARM LLOYDS pursuant to the terms of the insurance policy.  As a result, PLAINTIFFS' property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas.  These are covered damages under PLAINTIFFS' insurance policy with STATE FARM LLOYDS.  PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of STATE FARM LLOYDS'S conduct.

V.     Conditions Precedent

All conditions precedent have been waived by the insurance company, have been performed by the Plaintiffs, or have otherwise been satisfied. Despite these facts, STATE FARM LLOYDS has failed and refused to pay the PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations. Moreover, Defendant's claims that the Plaintiffs did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract. Generally, when one party to contract commits material breach, the other party is discharged or excused from further

3

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

## VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with STATE FARM LLOYDS. PLAINTIFFS' property was damaged by the storm and water damage, all of which are covered under the insurance policy. STATE FARM LLOYDS has denied and/or delayed payment of PLAINTIFFS' covered claims. STATE FARM LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. STATE FARM LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of STATE FARM LLOYDS was irresponsible and unconscionable. STATE FARM LLOYDS took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. STATE FARM LLOYDS has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of STATE FARM LLOYDS has proximately caused the injuries and damages to the PLAINTIFFS.

## VII. Second Cause of Action: DTPA Violations

PLAINTIFFS are "consumers" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, STATE FARM LLOYDS has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFFS' damages:

(a) STATE FARM LLOYDS made false representations about PLAINTIFFS' rights, remedies, and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

(b)     STATE FARM LLOYDS'S actions constitute an unconscionable course of conduct entitling the PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     STATE FARM LLOYDS failed to disclose information to the PLAINTIFFS concerning the nature and extent of their insurance policy, which was known by STATE FARM LLOYDS at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, STATE FARM LLOYDS violated Chapter 541, Texas Insurance Code, entitling the PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

STATE FARM LLOYDS took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFFS' property.  STATE FARM LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFFS for which they now sue. The conduct of the STATE FARM LLOYDS was more than just a mistake, and was done "knowingly" and/or "intentionally," as those terms are derived by statute. Because of that, STATE FARM LLOYDS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.  PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

### VIII.    Unfair Insurance Practices

STATE FARM LLOYDS failed to inform PLAINTIFFS of material facts, such as the true scope of damage and cost to repair. STATE FARM LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. STATE FARM LLOYDS has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS. Further, STATE FARM LLOYDS has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which STATE FARM LLOYDS is fully aware. STATE FARM LLOYDS has concealed damage known by it to exist. STATE FARM LLOYDS has known about covered storm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' plea for help. STATE FARM LLOYDS has failed to warn PLAINTIFFS of consequential damage to their property.

By its conduct outlined above, STATE FARM LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. STATE FARM LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     STATE FARM LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     STATE FARM LLOYDS failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     STATE FARM LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     STATE FARM LLOYDS breached its duty of good faith and fair dealing at common law;

(5)     STATE FARM LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)     STATE FARM LLOYDS compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)     STATE FARM LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)     STATE FARM LLOYDS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)     STATE FARM LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)     the terms of the policy; and/or

(ii)     the benefits or advantages promised by the policy.

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

(b)     STATE FARM LLOYDS made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)     STATE FARM LLOYDS failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which statements were made; and

(d)     STATE FARM LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     STATE FARM LLOYDS refused to make a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

STATE FARM LLOYDS'S conduct as described herein was a producing cause of damages to PLAINTIFFS, for which they now sue.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS' claims were presented to STATE FARM LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claims, STATE FARM LLOYDS refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, STATE FARM LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. STATE FARM LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

claim. This constitutes failing to handle or process the PLAINTIFFS' claims in good faith, an affirmative duty placed on STATE FARM LLOYDS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFFS. STATE FARM LLOYDS'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS, for which they sue.

X.    Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claims to STATE FARM LLOYDS. STATE FARM LLOYDS has engaged in unfair settlement claims practices, as discussed above and denied and/or has delayed payment on PLAINTIFFS' claim. STATE FARM LLOYDS'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. STATE FARM LLOYDS'S investigation and use of adjusters' reports was an "outcome-oriented" investigation. STATE FARM LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

(a) Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b) Failing to request all of the items, statements and forms the STATE FARM LLOYDS reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from STATE FARM LLOYDS the statutory penalty of 5% plus the interest rate

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

determined under Section 304.003, Finance Code, on all amounts due on PLAINTIFFS' claims, together with attorney's fees, for which they now sue.

XI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS have substantially complied and/or is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by STATE FARM LLOYDS as to any exclusion, condition, or defense pled by STATE FARM LLOYDS, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by storm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by STATE FARM LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with STATE FARM LLOYDS. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterruptedly for many years; and

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, STATE FARM LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake, requiring reformation.

## XII. Exemplary Damages

Plaintiffs would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of the Plaintiffs. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs request exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the STATE FARM LLOYDS for actual attorney's fees, cost of suit, mental anguish, DTPA

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

violations, Texas Insurance Code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

## XIV.    Jury Demand

PLAINTIFFS request that this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

## XV.    Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that STATE FARM LLOYDS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**OMAR OCHOA LAW FIRM**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266

/s/ *Omar Ochoa*
**OMAR OCHOA**
State Bar No. 24079813
oochoa@omarochoalaw.com
***ATTORNEY FOR PLAINTIFFS***

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

**Instructions and Definitions**

1.  "You" or "Your" means the party responding to requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against STATE FARM LLOYDS in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.  "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against STATE FARM LLOYDS in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract claim against STATE FARM LLOYDS in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

13.     "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.      You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.      Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

## **INTERROGATORIES**

1.      Please identify any person you expect to call to testify the time of trail.

      **ANSWER:**

2.      Identify the persons involved in the investigation and handing of Plaintiffs' claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

      **ANSWER:**

3.      If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

      **ANSWER:**

4.      Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

      **ANSWER:**

5.      State the following concerning notice of claim and timing of payment:

      a. The date and manner in which you received notice of the claim
      b. The date and manner in which you acknowledged receipt of the claim
      c. The date and manner in which you commenced investigation of the claim
      d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
      e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

      **ANSWER:**

6.      Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

      **ANSWER:**

7.      Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

      **ANSWER:**

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

8. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

   **ANSWER:**

9. When was the date you anticipated litigation?

   **ANSWER:**

10. From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

    **ANSWER:**

11. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

    **ANSWER:**

12. Do you contend that the insured premises was damaged by flood water, storm surge and/ or any excluded peril? If so, state the general factual bases for this contention.

    **ANSWER:**

13. Do you contend that any act or omission by Plaintiffs' voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

    **ANSWER:**

14. Do you contend that the Plaintiffs' failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

    **ANSWER:**

15. How is the performance of the adjusters involved in handling Plaintiffs' claim evaluated? State the following:

    a. what performance measures are used
    b. describe your bonus or incentive plan for adjusters

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

    c.      have any listed in response to requests for production had a criminal record/record of complaint with the Texas Department of Insurance, performed a violation of company claim handling procedures

**ANSWER:**

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

## DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against STATE FARM LLOYDS in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against STATE FARM LLOYDS in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim against STATE FARM LLOYDS in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

CL-19-2749-E

compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  The claim and underwriting files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the policy, file jackets, "field" files and notes, and drafts of documents contained in the file.

    RESPONSE:

2.  The electronic diary, including the electronic and paper notes made by STATE FARM LLOYDS's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

    RESPONSE:

3.  Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of storm claims and complaints made by policy holders in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

    RESPONSE:

4.  The Operation Guides which relate to the handling of claims in Texas in effect from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

    RESPONSE:

5.  The adjusting and engineering reports, notes, correspondence, estimates, appraisals, photographs and/or recordings prepared concerning Plaintiff's underlying claims.

    RESPONSE:

6.  If you dispute the cause of the loss produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

    RESPONSE:

7.  The price guidelines that pertain to the handling of claims arising out of storm damage. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

    RESPONSE:

8.  The Plaintiff's file from the office of their insurance agent.

Electronically Submitted
5/17/2019 3:47 PM
Hidalgo County Clerk
Accepted by: Cassandra Mora

**CL-19-2749-E**

RESPONSE:

9.     The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiffs' claims.

RESPONSE:

10.    The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

11.    "Pay sheet," "Payment Log," or list of payments made on Plaintiffs' claim. This includes all indemnity, claim expenses, third party payments and billing statements.

RESPONSE:

12.    The documents reflecting reserves applied to the subject claim.

RESPONSE:

13.    For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiffs' claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

14.    The managerial and adjuster bonus or incentive plan for managers responsible for storm claims in effect for the time period January 1, 2010 to date.

RESPONSE:

15.    If a third party engineer evaluated the subject property, provide the correspondence between STATE FARM LLOYDS insurer and third party adjuster and documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

16.    Copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

RESPONSE:

# EXHIBIT 1-B



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19847452**
Date Processed: 05/23/2019

| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
|---|---|

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Javier Gutierrez vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hidalgo County Court at Law, TX |
| **Case/Reference No:** | CL-19-2749-E |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/23/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Omar Ochoa<br>956-630-3266 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT 1-C**

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CAUSE NO. CL-19-2749-E**

| | | |
|---|---|---|
| JAVIER GUTIERREZ AND NALLELY PEREZ | § § § | IN THE COUNTY COURT |
| v. | § § § | AT LAW NO. 5 OF |
| STATE FARM LLOYDS | § | HIDALGO COUNTY, TEXAS |

---

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE**

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **STATE FARM LLOYDS**, Defendant in the above styled and numbered cause, and files this Original Answer to Plaintiffs' Original Petition, and in support thereof would respectfully show this Honorable Court the following:

**I.**
**GENERAL DENIAL**

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition, and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

**II.**

**DENIALS AND AFFIRMATIVE DEFENSES**

1. Defendant denies that notice and/or proof of loss or claim for damages has been given as required by the Texas Insurance Code. Specifically, Plaintiffs have failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003. Specifically, Plaintiffs sent State Farm a letter dated March 8, 2019 that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

State Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead reciting general violations as set out by the Texas Insurance Code, (2) Plaintiffs do not specifically state their damages, and also reserves the right to adjust those amounts at a later time and (3) Plaintiffs also failed to provide the hourly rate and number of hours used to calculate incurred attorney's fees as required by TEX. INS. CODE §542A.003.

2.      State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiffs be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

3.      Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding attorney's fees and their method of calculation, as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court.

4.      Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve them with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

5.      Defendant denies Plaintiffs have performed the conditions precedent to bringing suit.

6.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

7.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 542 of the Texas Insurance Code as alleged by Plaintiffs.

8.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it knowingly violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

9.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it intentionally violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiffs.

10.     State Farm specifically denies that it has breached the policy of insurance issued to Plaintiffs in any respect.

11.     State Farm specifically denies that Plaintiffs sustained a loss covered under their policy of insurance.

12.     State Farm specifically denies that it has breached the duty of good faith and fair dealing in any respect.

13.     State Farm specifically denies that any misrepresentations were made regarding the facts or policy provisions relating to coverage under the policy issued by State Farm to Plaintiffs.

14.     State Farm specifically denies that it made any actionable misrepresentation to Plaintiffs.

15.     State Farm specifically denies that it knowingly and intentionally violated the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

16.     State Farm asserts that Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs did not result from, and was not proximately caused by, any wrongful conduct on the part of State Farm.

17.     Because Plaintiffs failed to satisfy one or more conditions precedent to recovery, Defendant State Farm is excused from performing under the contract.

18.     Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following:  Plaintiffs failed to promptly notify

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of their alleged damages that are covered from the portion that is not covered.

19.     State Farm asserts Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs in connection with the complained-of transaction was caused by Plaintiffs' own negligence and/or lack of due diligence.

20.     Plaintiffs' causes of action also fail because there exists a *bona fide* and legitimate dispute between State Farm and Plaintiffs with regard to the legal construction of certain policy provisions and exclusions and the nature, extent and cause of damages.

21.     State Farm specifically denies that liability was reasonably clear.

22.     Defendant further pleads that Plaintiffs are unable to establish by clear and convincing evidence that Defendant acted with malice; therefore, under Section 41.001(7) of the Texas Civil Practices and Remedies Code, Plaintiffs are not entitled to exemplary and/or punitive damages.  See, e.g., *Smith v. O'Donnell*, 288 S.W. 3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva*, 148 S.W. 3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung*, 904 S.W. 2d 638, 640-641 (Tex. 1995).

23.     Further, to any extent Plaintiffs seek any recovery of exemplary and/or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendant to substantive and procedural due process as provided in Article 1, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America, Inc. v. Gore*, 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence. Cf. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014)

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

(clear and convincing evidentiary standard).

24.     To the extent Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

25.     With respect to Plaintiffs' claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

26.     Plaintiffs' claims under Section 542 of the Texas Insurance Code ("Prompt Payment of Claims") are barred, in whole or in part, because Plaintiffs do not provide a written notice of claim reasonably apprising Defendant of the facts relating to the claim.

27.     Plaintiff attempts to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiff has failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiff's pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit.  See Tex. Ins. Code §541.154(a) and §542A.003. Plaintiff has failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

28.     Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

29.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' applicable deductible(s).

30.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant State Farm has made to or on behalf of Plaintiffs under the policy at issue in this lawsuit, arising from the claim made the basis of this lawsuit.

31.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

32.     Plaintiffs' claim is barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, or latest live pleading, none being admitted, were proximately caused in whole or in part by non-covered losses and/or events and/or at non covered losses by the terms and exclusions of the policy.

33.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, including but not limited to the following:

### SECTION I- LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

* * *

g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

    i.      wet or dry rot;

    3.      We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss of any other cause of the loss:

    b.      defect, weakness, inadequacy, fault or unsoundness in:
        (2) design, specifications, workmanship, construction, grading, compaction;
        (3) materials used in construction or repair; or
        (4) maintenance;

    c.      weather conditions.

34.      Additionally, the Policy provides that actual repair or replacement of the damaged property is a condition precedent to payment of the claim at replacement cost value. To the extent, if applicable, Plaintiffs have failed to make actual repairs or replacement of the damaged property, they are only entitled to recover the actual cash value at the time of loss for the damaged property.  The Policy states as follows:

**SECTION I – LOSS SETTLEMENT**

\* \* \* \* \*

1.      **A1 – Replacement Cost Loss Settlement – Similar Construction.**

    a.      We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

        (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damages part of the property;
        (2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;
        (3) to receive any additional payments on a replacement cost basis, you must complete the repair or replacement of the damaged part of the property

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4)  we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage.**

b.  Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

35.     Defendant asserts Plaintiffs failed to comply with their Duties After Loss in that they failed to give immediate notice of a loss, to the extent they allege property damage not previously reported.

36.     A bona fide/legitimate dispute exists precluding Plaintiffs from recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, or under any other statutory or common law authority.

37.     Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. See *Standard Fire Insurance Co. v. Fraiman*, 588 S.W. 2d 681, 683 (Tex. Civ. App. – Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Gross v. Connecticut General Life Insurance Co.*, 390 S.W. 2d 388, 390 (Tex. Civ. App. – El Paso 1965, no writ); see also *Universe Life Insurance Co. v. Giles*, 950 S.W. 2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages").

38.     Plaintiffs are precluded from recovering any attorney fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith …. If a claimant demands monies to which they [sic] are not entitled, that demand is unreasonable and consequently excessive." See *Wayne v. A.V.A. Vending, Inc.*, 52 S.W. 3d 412, 418 (Tex. App. – Corpus Christi 2001, pet. denied) (citing *Findlay v. Cave*, 611 S.W. 2d 57, 58 [Tex. 1981] and *Ingham v. Harrison*, 148 Tex. 380, 385-386, 224 S.W. 2d 1019, 1022 [1949]).

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

39.      Plaintiffs are not entitled to recover any alleged damages for emotional distress or mental anguish for the mere denial of an insurance claim. See *Transportation Insurance Co. v. Moriel*, 819 S.W. 2d 10, 17 (Tex. 1994); accord *Avila v. State Farm Fire & Casualty Co.*, 147 F. Supp. 2d 570, 579-580 (W.D. Tex. 1999) (citing *Latham v. Castillo*, 972 S.W. 2d 66, 70 [Tex. 1998]).

40.      Defendant also asserts the Suit Against Us provision of the policy which precludes Plaintiffs' suit against Defendant unless there has been compliance with the policy provisions and the action is brought within 2 years and one day after the cause of action accrues.

## III.
## REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Defendant requests that Plaintiffs disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## IV.
## TRCP 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiffs in response to Defendant's written discovery are intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiffs in any pretrial proceeding or trial of this case.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS**, requests judgment of the Court that Plaintiffs take nothing by this suit, and, that Defendant be awarded costs and such other and further relief to which it may show it is justly entitled to receive.

Electronically Submitted
6/14/2019 5:03 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Elizabeth Sandoval Cantu*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June <u>14th</u>, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Omar Ochoa
OMAR OCHOA LAW FIRM
121 N. 10th St.
McAllen, Texas 78501
T: (956) 630-3266
oochoa@omarochoalaw.com
*Attorney for Plaintiffs*

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

# EXHIBIT 1-D

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back                    Location : All Courts     Images

# REGISTER OF ACTIONS
## CASE NO. CL-19-2749-E

| Javier Gutierrez, Nallely Perez VS. State Farm Lloyds | § § § § § | Case Type: | **Contract - Consumer/Commercial/Debt (OCA)** |
|---|---|---|---|
| | | Date Filed: | **05/17/2019** |
| | | Location: | **County Court at Law #5** |

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | **Elizabeth Sandoval Cantu** |
| | | *Retained* |
| | | 956-294-4800(W) |
| **Plaintiff** | **Gutierrez, Javier** | **OMAR OCHOA** |
| | | *Retained* |
| | | 956-630-3266(W) |
| **Plaintiff** | **Perez, Nallely** | **OMAR OCHOA** |
| | | *Retained* |
| | | 956-630-3266(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/17/2019 | **Original Petition (OCA)** |
| | *Plaintiff's Original Petition* |
| 05/17/2019 | **Citation Issued** |
| | *CITATION ISSUED TO STATE FARM LLOYDS VIA CM 9214 8901 0661 5400 0138 2953 50* |
| 06/14/2019 | **Answer** |
| | *Def's Original Answer, RFD and Rule 193.7* |

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant State Farm Lloyds** | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 06/20/2019** | | | **0.00** |
| 06/17/2019 | Transaction Assessment | | | 2.00 |
| 06/17/2019 | EFile Payments from TexFile | Receipt # 2019-034276 | State Farm Lloyds | (2.00) |
| | | | | |
| | **Plaintiff Gutierrez, Javier** | | | |
| | Total Financial Assessment | | | 430.00 |
| | Total Payments and Credits | | | 430.00 |
| | **Balance Due as of 06/20/2019** | | | **0.00** |
| 05/17/2019 | Transaction Assessment | | | 430.00 |
| 05/17/2019 | EFile Payments from TexFile | Receipt # 2019-028748 | Gutierrez, Javier | (430.00) |